IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON, <br> #18027463, <br> PLAINTIFF, <br> <br> V. <br> <br> DEMAREUS WARD, ET AL., <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CASE NO. 3:21-CV-607-C-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Gregory Robinson also filed a motion to proceed *in forma pauperis*, which remains pending awaiting judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** in part and **STAYED** in part pending the resolution of the state-court criminal proceedings.

**I. BACKGROUND**

This civil action arises out of Robinson's state prosecution for the offenses of burglary of a building in case numbers F1876292, F1876293, and F187298, and for theft of property and evading arrest in case numbers F1854015 and F1845016, all pending before the 194th Judicial District Court of Dallas County, Texas. Doc. 3 at 4.[1] Robinson, a pretrial detainee at the Dallas

---

[1] The criminal case docket sheets are available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed April 30, 2021).

County Jail, is represented by court-appointed counsel in the state criminal cases. Robinson also has a outstanding parole violation warrant. *Id.*[2]

In his *pro se* complaint, Robinson names as defendants his former court-appointed attorneys, Demareus Ward and Phillip Parker, Judge Ernest White, Assistant District Attorney Jamie Bagnal, and his current counsel, Calvin Johnson. Doc. 3 at 3. As best as the Court can glean from his complaint, Robinson alleges that Defendants have interfered with his state criminal prosecution, tampered with the evidence, and deliberately engaged in misconduct, thereby abusing their official positions. Doc. 3 at 3-4. He also alleges Johnson has provided ineffective assistance of counsel. Doc. 3 at 3. Robinson requests dismissal of all criminal charges and compensatory damages for his pretrial confinement and for violating his civil rights. Doc. 3 at 4.

After review of the pleadings and the applicable law, the Court concludes that Robinson's request to dismiss his pending state criminal charges are barred by the *Younger* abstention doctrine and, thus, should be dismissed for lack of jurisdiction, and that his claims for damages should be stayed pending the final resolution of his state criminal charges.[3]

## II. ANALYSIS

### A. Request for Dismissal of State Criminal Charges

This Court must first examine the threshold question of whether it has subject matter jurisdiction. It is an issue of paramount concern that should be addressed, *sua sponte* if

---

[2] Robinson's Dallas County Jail inmate information (also available on the Dallas County website) reflects a pending parole revocation warrant under booking number 18027463. *See* https://www.dallascounty.org/jaillookup/search.jsp (last accessed April 30, 2021).

[3] Because the case should be dismissed in part and stayed in part, the Court defers ruling on Robinson's motion to proceed *in forma pauperis*. Doc. 7.

necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[F]ederal court may raise subject matter jurisdiction *sua sponte*."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, as Robinson seeks an order dismissing his pending state criminal proceedings. What Robinson requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The

state has a strong interest in enforcing its criminal laws."). Also, Robinson can raise his claims—including any constitutional challenges—in the state trial court where, importantly, he is represented by counsel. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. See *Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Robinson cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge of the State's prosecution of him in Dallas County. See *Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

### B. Request for Monetary Damages

As noted previously, Robinson also seeks compensatory damages. "[T]he *Younger* abstention doctrine is not applicable to a claim for damages." *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citation omitted). However, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Robinson's claims that Defendants allegedly tempered with the evidence and interfered with his prosecution necessarily imply the invalidity of his pending state charges. Thus, his claims for damages should be stayed until prosecution of the Dallas County charges against

Robinson are disposed of. See *Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (per curiam) (noting with approval that district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (holding that, where it is impossible to determine whether civil claims relating to an arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that the plaintiff might receive in ongoing criminal proceedings, the district court should stay the civil proceedings pending resolution of the criminal charges against the plaintiff).

### III. CONCLUSION

For the foregoing reasons, Robinson's claim seeking dismissal of his pending state criminal charge should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine. Robinson's remaining claims for damages should be **STAYED** and this case **ADMINISTRATIVELY CLOSED**, pending the final resolution of the state criminal charges in Dallas County case numbers F1876292, F1876293, F187298, F1854015 and F1845016. Robinson should also be ordered to file a motion to reopen this case within 60 days after entry of judgment or an order of dismissal in his state criminal court cases, and advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or comply with a Court order.

**SO RECOMMENDED** on May 10, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).